IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DELTA-T CORPORATION, a Virginia corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>HARRIS THERMAL TRANSFER PRODUCTS, INC., an Oregon corporation,<br><br>          Defendant. | Case No. 3:09CV321<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**<br><br>ORAL ARGUMENT REQUESTED |

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), Defendant Harris Thermal Transfer Products, Inc. (hereinafter "Harris Thermal"), by counsel, hereby moves for an order dismissing the Complaint filed by Plaintiff Delta-T Corporation ("Plaintiff") for lack of personal jurisdiction and because this District is not a proper venue for this action. In the alternative, Harris Thermal moves pursuant to 28 U.S.C. § 1406(a) to have the case transferred to the United States District Court for the District of Oregon, where there is both personal jurisdiction and a proper venue for this action.

**FACTS**

I.     General Background.

Plaintiff Delta-T Corporation ("Plaintiff") is a Virginia corporation with its principal place of business in Williamsburg, Virginia. Complaint, & 1. Harris Thermal is an Oregon corporation with its principal place of business in Newberg, Oregon. Complaint, ¶ 2; Affidavit of Eric Groengweghe in Support of Defendant Harris Thermal Transfer Products, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Lack of Proper Venue (Attached as **Exhibit A**)(hereinafter "Groenweghe Aff."), & 2. This dispute concerns parts that Harris Thermal manufactured for Plaintiff in Newberg,

Page 1 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Oregon and then shipped at Plaintiff's direction to an ethanol plant that Plaintiff was building in Riga, Michigan. Complaint, && 5, 8, 12-15; Groenweghe Aff., & 5.

II.    Harris Thermal's Contacts, or Lack Thereof, with Virginia in Connection With This Case.

Harris Thermal has never had an office or a regular presence of any kind in Virginia, nor has it had any employees working in Virginia. Groenweghe Aff., & 3. Harris Thermal has never owned any property or paid any taxes in Virginia. *Id.* Harris Thermal has never been licensed to do business in Virginia, nor did it have a registered agent for service of process there. Groenweghe Aff., & 4. Harris Thermal never had any telephone lines or bank accounts in Virginia. *Id.* Harris Thermal never shipped any of its products to Virginia in connection with the project at issue in this case; those parts, and the replacement parts, were sent by Harris Thermal from its sole location in Oregon to the ethanol plant in Michigan. Groenweghe Aff., & 5. No representative of Harris Thermal ever visited Plaintiff in Virginia in connection with the project at issue in this case. Groenweghe Aff., & 6. All of Harris Thermal's work in connection with the instant matter was done by Harris Thermal in Oregon, and to the extent that Harris Thermal made any errors, it did so in Oregon. Groenweghe Aff., & 7. Harris Thermal did not go to or advertise in Virginia to seek this work; Plaintiff initially contacted Harris Thermal (in Oregon) to solicit bids from Harris Thermal in connection with Plaintiff's work on the Riga, Michigan ethanol plant. Groenweghe Aff., & 8. Harris Thermal negotiated the contract at issue in this case from its office in Oregon, and all of Harris Thermal's communications with Plaintiff in connection with this matter were from Harris Thermal's office in Oregon, except for one visit to the plant in Riga, Michigan. Groenweghe Aff., & 9.

III.    Harris Thermal's Other Limited Contacts with Virginia.

Representatives of Harris Thermal visited Plaintiff's offices in Virginia on two separate occasions, but neither of those was in connection with the project at issue in this case; both of those visits were at the request of Plaintiff and were in connection with other projects which did not lead

Page 2 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1  to any work for Harris Thermal.  Groenweghe Aff., & 10.  Harris Thermal did work on two other

2  projects for Plaintiff, but neither was located in Virginia, and neither involved visits by Harris

3  Thermal representatives to Plaintiff in Virginia.  Groenweghe Aff., & 11.  None of these other

4  contacts with Plaintiff in Virginia had anything to do with the project at issue in this case, which was

5  situated in Riga, Michigan.  *Id.*

6  Harris Thermal has sold several parts to a Washington-based customer named GE Ionics,

7  Inc., which parts were shipped by the customer to Virginia.  Groenweghe Aff., & 12.  The customer

8  took possession and legal ownership of the goods in Oregon at Harris Thermal's plant.  *Id.*  The

9  customer paid for the shipping to Virginia.  *Id.*  Harris Thermal had nothing to do with Virginia in

10  connection with the GE sales.  *Id.*

11  Harris Thermal has sold some small parts (manufactured by another party) to a Virginia-

12  based customer named Ferguson, some of which were shipped at Ferguson's direction to other

13  states.  Groenweghe Aff., & 13.  In 2006, Harris Thermal's sales to Ferguson totaled $3,167, or

14  0.021% of Harris Thermal's total sales that year.  *Id.*  In 2007, Harris Thermal's sales to Ferguson

15  totaled $9,447, or 0.045% of Harris Thermal's total sales that year.  *Id.*  In 2008, Harris Thermal's

16  sales to Ferguson totaled $3,600, or 0.015% of Harris Thermal's total sales that year.  *Id.*  In 2009 so

17  far, Harris Thermal's sales to Ferguson totaled $1,520, or 0.015% of Harris Thermal's total sales this

18  year.  *Id.*  There were no Virginia sales at all in 2005.  *Id.*

19  In other words, aside from Harris Thermal's sales to Plaintiff (which were initiated by

20  Plaintiff and none of which involved shipments into Virginia), Harris Thermal's sales into Virginia

21  never constituted much more than one-twentieth of one percent of its overall yearly sales.

22  As noted above, Harris Thermal has never had an office in Virginia; is not licensed to do

23  business there and is not incorporated there; has no employees regularly situated there; has never

24  advertised there; and has had only limited and occasional contacts to any extent with Virginia.

25  Groenweghe Aff., & 14.

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**LEGAL STANDARDS**

I.    Personal Jurisdiction.

In ruling on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to prove "the existence of a ground for jurisdiction by a preponderance of the evidence." *Pearson v. White Ski Co.*, 228 F.Supp.2d 705, 707 (E.D. Va. 2002) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

Under F.R.C.P. 4(k)(1)(a), a federal court may exercise jurisdiction over a defendant as provided by state law. *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000). This Court's analysis of personal jurisdiction under Virginia law involves a two-step process. *Pearson v. White Ski Co.*, *supra*, 228 F.Supp.2d at 708; *Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982). First, the court must determine whether the alleged activity of the defendant falls within any of the applicable provisions of the Virginia long-arm statute. *Id*. Next, the court must determine whether the exercise of jurisdiction would also be consistent with due process. *Id*. The question of whether a defendant "transacted business" in Virginia in order to satisfy the long-arm statute is closely related to the question of whether a defendant had sufficient contacts with Virginia sufficient to satisfy constitutional due process requirements. *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, *supra*, 229 F.3d at 450.

In evaluating whether a defendant has been afforded due process, the Court must determine whether the defendant has "minimum contacts" with the forum, and, if so, whether maintenance of the suit offends "traditional notions of fair play and substantial justice." *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F.Supp.2d 545, 549 (E.D. Va. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts

Page 4 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1    may be found based on continuous and systematic contacts with the forum state, even if

2    unrelated to the specific claim at issue in the case (general jurisdiction) or may create a

3    substantial connection with the forum state when related to the specific claim at issue (specific

4    jurisdiction). *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, *supra*,

5    229 F.3d at 450.

6          II.    <u>Venue</u>.

7          When subject matter jurisdiction is based on diversity, proper venue is established

8    pursuant to 28 U.S.C. § 1391(a).  That statute provides that venue is proper:  (1) Where any

9    defendant resides; (2) Where a substantial part of the events or omissions giving rise to the claim

10   occurred, or where the property at issue is located; or (3) Wherever there is personal jurisdiction

11   over the defendant if there is no other District where there is proper venue.  When a case is filed

12   in the wrong district, the Court can either dismiss the case or, in the interest of justice, transfer

13   the case to any district in which the case could have been brought.  28 U.S.C. § 1406(a).

**ARGUMENT**

14         I.    <u>Personal Jurisdiction</u>

15         Harris Thermal is an Oregon corporation with its principal place of business in Oregon.

16   A federal district court may only exercise personal jurisdiction over a foreign corporation like

17   Harris Thermal if such jurisdiction is authorized by the long-arm statute of the state in which it

18   sits and application of that long-arm statute is consistent with the due process clause of the

19   Fourteenth Amendment.  *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc*, 334 F.3d

20

21   390, 396 (4th Cir. 2003).  The Court must first determine whether the Virginia long-arm statute

22   provides jurisdiction.  *Pearson v. White Ski Co.*, *supra*, 228 F.Supp.2d at 708; *Peanut Corp. of*

23   *Am. v. Hollywood Brands, Inc.*, *supra*, 696 F.2d 311, 313 (4th Cir. 1982).  If a defendant falls

24

25   outside the scope of the long-arm provision, the court may not exercise jurisdiction, regardless of

26   whether that exercise of jurisdiction would otherwise comport with due process.  *Bochan v. La*

Page 5 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1    *Fontaine*, 68 F.Supp.2d. 692, 698 (E.D. Va. 1999) (it is possible for a "non-resident defendant to

2    satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision.").

3           A.    Harris Thermal is Not Covered By Virginia's Long-Arm Statute.

4           Plaintiff's Complaint contains no allegations demonstrating that this Court has personal

5    jurisdiction over Harris Thermal.  Moreover, the Complaint makes no reference to the Virginia

6    long-arm statute, as it must in order to establish jurisdiction over an out-of-state defendant such

7    as Harris Thermal.  The relevant portion of the long-arm statute must be pled "because the long-

8    arm provisions are not meaningless."  *Provident Pharm., Inc. v. Amneal Pharms., LLC*, 2008

9    U.S. Dist. LEXIS 92382, *7 (E.D. Va. November 13, 2008).

10          The only portion of the long-arm statute that is even arguably applicable to this breach of

11   contract and breach of warranty action is Va. Code Ann. § 8.01-328.1(A)(1), which states: "A

12   court may exercise personal jurisdiction over a person, who acts directly or by an agent, *as to a*

13   *cause of action arising from the person's ... [t]ransacting any business in this Commonwealth.*"

14   (emphasis added).  The purpose of Virginia's long-arm statute is to "assert jurisdiction over non-

15   residents who engage in some *purposeful* activity in [Virginia]."  *Kolbe, Inc. v. Chromodern*

16   *Chair Co., Inc.*, 211 Va. 736, 740, 180 S.E.2nd 664 (Va. 1971) (emphasis added).  The exercise

17   of personal jurisdiction is proper, then, only if the asserted cause of action *arises from* the non-

18   resident defendant's transacting a significant amount of business in Virginia; contacts with the

19   Commonwealth having nothing to do with the instant claim do not show purposeful transacting

20   of business in Virginia as required by Section 8.01-328.1(A)(1); *Mason v. Shirk & Shirk*, 32 Va.

21   Cir. 193, 195 (1993); *see also DeSantis v. Hafner Creations*, 949 F.Supp. 419, 423-24 (E.D. Va.

22   1996).

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Virginia long-arm statute is explicit – in order for there to be jurisdiction, the claim itself must arise from the conduct that is the basis for the jurisdiction. *See* Va. Code Ann. § 8.01-328.1(C) ("When jurisdiction over a person is based solely upon this section, only a cause of action **arising from** acts enumerated in this section may be asserted against him") (emphasis added); *Chedid v. Boardwalk Regency Corp.*, 756 F.Supp. 941, 943 (E.D. Va. 1991) ("Virginia's General Assembly used the phrase '**arising from**' to require that there be a causal link between the acts relied on for personal jurisdiction and the cause of action asserted.") (emphasis added). This causation element requires more than simple "but-for" causation; it requires something akin to legal or proximate causation. *Chedid v. Boardwalk Regency Corp., supra,* 756 F.Supp. at 943. The court there found no personal jurisdiction over a New Jersey corporation that ran a casino located in New Jersey that was sued by a Virginia resident who was injured in the casino, because the casino's advertisements into Virginia had nothing to do with the plaintiff's injury in the New Jersey casino. *Id.*

In order for Harris Thermal to be covered by the long-arm statute, there must be some significant link between Harris Thermal's contacts with Virginia and Plaintiff's claim for breach of the contract between the parties. There is no allegation that Harris has ever done anything *in Virginia,* or even that the contract, which was performed by Harris Thermal in Oregon and Michigan, was entered into in Virginia. There is no allegation that Harris Thermal has transacted any business *in Virginia* with respect to the contract. In fact, the evidence established by the supporting affidavit of Eric Groenweghe demonstrates conclusively that Harris Thermal did absolutely nothing in connection with the instant dispute in Virginia. Harris Thermal entered into the contract from Oregon; performed the contract in Oregon and, to a lesser extent, Michigan; received payment from Plaintiff in Oregon; received communications from Plaintiff and responded to them from Oregon; and never traveled to Virginia or did anything in Virginia

Page 7 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1  in connection with this matter.  A relatively small amount of business in Virginia having nothing

2  to do with the instant dispute is not enough to support jurisdiction under Virginia's long-arm

3  statute.  *DeSantis v. Hafner Creations*, *supra*, 949 F.Supp. at 423-24.[1]

4        B.    General Jurisdiction.

5      Even if the Virginia long-arm statute is satisfied, the due process requirements must also be

6  satisfied to sustain personal jurisdiction over Harris Thermal in this Court.  *Carefirst of Md., Inc. v.*

7  *Carefirst Pregnancy Ctrs., Inc*, *supra*, 334 F.3d at 396.  If a defendant has continuous and

8  systematic contacts with the forum state, then the district court of the forum state is said to have

9  "general" jurisdiction over the defendant, and the contacts need not have anything to do with the

10  issues involved in the case.  *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc., supra*, 301

11  F.Supp.2d at 549.  This is so because the contacts are so significant that the defendant is essentially

12  deemed to be present in the forum state.  *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 72 S.Ct.

13  413, 96 L.Ed. 485 (1952); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S.Ct.

14  1868, 80 L.Ed.2d 404 (1984).  Because the contacts with the forum state do not need to be related to

15  the issues involved in the case, there is an extremely high burden required to find "general"

16  jurisdiction, to see if the contacts are sufficiently systematic and continuous.  *Reynolds & Reynolds*

17  *Holdings, Inc. v. Data Supplies, Inc.*, *supra*, 301 F.Supp.2d at 549.  Even registering to do business

18  in Virginia and appointing a registered agent has not been deemed to be, by itself, sufficient to

19  establish "general" jurisdiction.  *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, *supra*,

20  301 F.Supp.2d at 551-552.

21      Clearly, the facts are inadequate to establish "general" jurisdiction over Harris Thermal in

22  Virginia.  Harris Thermal has never had an office in Virginia; is not licensed to do business there and

---

[1] Section 8.01-328.1(A)(3), which provides jurisdiction when a non-resident party has caused an injury in the Commonwealth, does not apply because, under that provision, the defendant must be physically present in Virginia when committing the act or omission giving rise to the claim. *DeSantis v. Hafner Creations*, *supra*, 949 F.Supp. at 425-426.  That was clearly not the case here.

Page 8 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1    is not incorporated there; has no employees regularly situated there; has never advertised there; and

2    has had only limited and occasional contacts to any extent with Virginia.  Groenweghe Aff., & 14.

3    Harris Thermal's two meetings with Plaintiff in Virginia did not lead to any business, and its other

4    projects for customers other than Plaintiff in Virginia were a tiny fraction of its business (barely one-

5    twentieth of one percent of its annual sales).  Groenweghe Aff., & 13.  Doing a small fraction of

6    business in Virginia is not sufficient to establish "general" jurisdiction.  *Reynolds & Reynolds*

7    *Holdings, Inc. v. Data Supplies, Inc.*, *supra*, 301 F.Supp.2d at 551-552.  Accordingly, there is no

8    "general jurisdiction" over Harris Thermal in this Court.

9                             C.    Specific Jurisdiction.

10        The question then becomes whether this Court has "specific" jurisdiction over Harris

11   Thermal.  "Specific" jurisdiction requires the plaintiff to prove that the non-resident defendant has

12   purposefully availed itself of the privilege of conducting activities in the forum state, that the claim

13   arises out of the forum-related activities and that the exercise of personal jurisdiction is reasonable.

14   *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, *supra*, 301 F.Supp.2d at 552; *Affinity*

15   *Memory & Micro, Inc. v. K&Q Enterprises*, 20 F.Supp. 948, 953 (E.D. Va. 1998).  The "purposeful

16   availment" requirement ensures that defendants will not be "haled" into the court as a result of

17   random, fortuitous or attenuated contacts, or due to the unilateral activities of another party or a

18   third person.  *America Online, Inc. v. Huang*, 106 F.Supp.2d 848, 855-856 (E.D. Va. 2000).

19   "Purposeful availment" is found when the defendant has engaged in intentional actions aimed at the

20   forum state which cause harm that the defendant should have anticipated would be suffered in the

21   forum state.

22        When negotiations mostly took place over the phone, the contact was initiated by the

23   Virginia plaintiff and the defendant was a Minnesota resident with no office or registered agent in

24   Virginia and no ongoing presence there, the plaintiff did not "purposefully avail" itself of the

25   privileges of doing business in Virginia and there was no proper personal jurisdiction over the

26   defendant there.  *Affinity Memory & Micro, Inc. v. K&Q Enterprises, supra*, 20 F.Supp. at 950-951,

Page 9 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS
          THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF
          PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE,
          MOTION TO TRANSFER VENUE**

953.  A contract between a resident and a non-resident alone is not sufficient to establish sufficient minimum contacts in the forum state. *America Online, Inc. v. Huang*, *supra*, 106 F.Supp.2d at 856 (California corporation's agreement to register domain names with company located in Virginia was not sufficient to show that the California corporation purposefully availed itself of the privilege of doing business in Virginia).  There was no personal jurisdiction in Virginia over a French corporation that had no office, employees or agent in Virginia; a small amount of sales in Virginia and sending a letter to the plaintiff in Virginia did not constitute sufficient "minimum contacts" to render personal jurisdiction reasonable. *Medeco Sec. Locks, Inc. v. Fichet-Bauche*, 568 F.Supp. 405, 406-407 (D. Va. 1983).  A seller of goods who accepts and performs a contract in another state does not have sufficient minimum contacts with Virginia. *Luke v. Dalow Industries, Inc.*, 566 F.Supp. 1470, 1472 (E.D. Va. 1983).

The instant case most closely resembles *Superfos Investments, Ltd. v. Firstmiss Fertilizer, Inc.*, 774 F.Supp. 393 (E.D. Va. 1991).  In that case, a Mississippi corporation agreed to buy a certain amount of liquid fertilizer on a yearly basis from a company based in Virginia.  774 F.Supp. at 395.  The product never actually moved through Virginia, as it was delivered by the seller from its facilities outside of Virginia to the buyer in Mississippi and other states. *Id*.  When the Mississippi company failed to purchase the minimum amount, the Virginia-based company filed suit in this court.  The defendant Mississippi company never had an office in Virginia, nor was it ever qualified to do business here.  774 F.Supp. at 396.  The Virginia-based plaintiff initiated the contact with the non-resident defendant. *Id*.  All negotiations and communications between the parties were by phone and fax between Mississippi and Virginia. *Id*.  Representatives of the Mississippi defendant never traveled to Virginia in connection with the contract at issue in this case. *Id*.  The contract was drafted by the plaintiff in Virginia but was signed by the defendant in Mississippi. *Id*.  The Mississippi defendant never had any employees stationed in Virginia, any telephones or bank accounts in Virginia, a registered agent in Virginia, any real property or equipment in Virginia and paid no taxes in Virginia. *Id*.  The Mississippi defendant's only other contacts with Virginia, which

Page 10 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1 were unrelated to the relevant contract, involved small sales to three other parties in Virginia

2 constituting less than one percent of its overall sales, and a few sales calls by one of its salesmen to

3 potential customers in Virginia. *Id*.

4       After going through the basic tests under the Virginia long-arm statute and the constitutional

5 due process requirements, the court concluded that there was not a sufficient basis to find either

6 "general" or "specific" personal jurisdiction over the Mississippi-based defendant in this court. 774

7 F.Supp. at 399. The court noted that faxes and phone calls were not sufficient as a basis for personal

8 jurisdiction (774 F.Supp. at 397-398), that a contract accepted by one party in the forum state is not

9 sufficient (774 F.Supp. at 398) and took special note of the fact that the product at issue never

10 entered Virginia (774 F.Supp. at 398).

11       These facts are almost identical to those presented by the instant case, except for the

12 reversal of the buyer and seller roles. As noted above, Harris Thermal never maintained an

13 office or was authorized to do business in Virginia. Its employees never visited Virginia in

14 connection with this claim. The products it built and shipped relevant to this case never entered

15 Virginia. Harris Thermal never had an agent or phone lines or bank accounts in Virginia. It

16 signed the contract and performed all of its work in Oregon, not Virginia. All of its

17 communications with Plaintiff were sent or made from its offices in Oregon, not Virginia. It had

18 only a tiny fraction of sales to companies in Virginia or for non-resident companies involving

19 deliveries to Virginia, none of which had anything to do with the claim at issue in this case. Its

20 employees only visited Virginia twice, both of which involved contracts that had nothing to do

21 with this claim and neither of which led to any actual paying jobs. Plaintiff was the one that

22 initiated the contact with Harris Thermal that led to the contract at issue in this case. Simply put,

23 Harris Thermal did nothing to affirmatively and purposefully avail itself of the privileges and

24 benefits of doing business in Virginia, and it would be eminently unfair and unreasonable for

25 Harris Thermal to be subjected to the jurisdiction of this Court, particularly when there is proper

26 jurisdiction over Harris Thermal in the District of Oregon.

Page 11 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1    For the reasons set forth above, pursuant to F.R.C.P. 12(b)(2), this case should be

2   dismissed because there is no proper personal jurisdiction over Harris Thermal in the Eastern

3   District of Virginia.

4        II.    Venue

5        Plaintiff claimed that subject matter jurisdiction exists because of diversity jurisdiction

6   pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in

7   controversy exceeds $75,000,.   See Complaint, ¶ 3.   As noted above, when subject matter

8   jurisdiction is based on diversity, proper venue is established pursuant to 28 U.S.C. § 1391(a),

9   which provides that venue is proper:  (1) Where any defendant resides; (2) Where a substantial

10  part of the events or omissions giving rise to the claim occurred, or where the property at issue is

11  located; or (3) Wherever there is personal jurisdiction over the defendant if there is no other

12  District in which there is proper venue.  The only statement about venue in the Complaint in this

13  case is found in paragraph 4:  "Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff

14  resides within the Eastern District of Virginia."  This is clearly an improper basis for venue in

15  this forum under 28 U.S.C. § 1391(a).

16       When a party's work is at issue and gives rise to the claims against the defendant, and a

17  substantial part of that party's work occurred in Virginia, such as when an attorney suing for unpaid

18  fees performed much of his work in the Commonwealth, then venue is proper in that district.

19  *Mitrano v. Hawes*, 377 F.3d 402, 405-406 (4th Cir. 2004).  The instant case, however, is more like

20  one filed in the Middle District of North Carolina by a North Carolina resident against a Virginia

21  resident and arising out of a car accident that took place in Virginia.  *Hackos v. Sparks*, 378

22  F.Supp.2d 632, 633 (M.D. N.C. 2005).  The court there found that venue was improper in North

23  Carolina because none of the defendants resided there and the event giving rise to the claim (*i.e.*, the

24  car accident) did not take place there.  378 F.Supp.2d at 634.  This case is also similar to the case of

25  *Hoffman v. Fairfax County Redevelopment & Housing Authority*, where the District Court for the

26  District of Columbia transferred a case due to improper venue when the defendants resided in

Page 12 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

1   Virginia (not D.C.) and the events giving rise to the claims (improper storage of toxic chemicals)

2   occurred in Virginia (not D.C.).  276 F.Supp.2d 14, 19-20 (D.D.C. 2003).

3         As established above, Harris Thermal resides in Oregon, not Virginia, so 28 U.S.C. §

4   1391(a)(1) provides no basis for venue here.  The actions or omissions of Harris Thermal giving

5   rise to this action all occurred in Oregon or, arguably, in Michigan.  Harris Thermal did not do

6   anything *in Virginia* that gave rise to Plaintiff's claims that Harris Thermal improperly manufactured

7   the relevant parts.  All of Harris Thermal's work was done in Oregon, and it shipped the parts to

8   Plaintiff in Michigan, not Virginia.  To the extent that Harris Thermal did anything out of which the

9   claims against it arose, those actions took place in Oregon, so 28 U.S.C. § 1391(a)(2) provides no

10  basis for venue here.  And because there is both personal jurisdiction and proper venue over Harris

11  Thermal in the District of Oregon, 28 U.S.C. § 1391(a)(3) likewise provides no basis for venue in

12  the Eastern District of Virginia.

13        Because there is no proper venue over this case here in the Eastern District of Virginia,

14  Harris Thermal respectfully requests that this case be dismissed pursuant to F.R.C.P. 12(b)(3).  In the

15  alternative, Harris Thermal requests that this case be transferred to the District of Oregon pursuant

16  to 28 U.S.C. § 1406(a).

## CONCLUSION

18        Because there is no proper personal jurisdiction over Harris Thermal in this Court, this case

19  should be dismissed pursuant to F.R.C.P. 12(b)(2).  And because there is no proper basis for venue

20  in this District under 28 U.S.C. § 1391(a), this case should be either be dismissed pursuant to

21  F.R.C.P. 12(b)(3) or transferred to the District of Oregon pursuant to 28 U.S.C. § 1406(a).

22

23

24

25

26

Page 13 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Rd., Suite 400
Lake Oswego, OR  97035
(503) 968-1475

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

HARRIS THERMAL TRANSFER PRODUCTS, INC.

Dated this 9th day of July, 2009

_____/s/_____

Edward Everett Bagnell, Jr. (VSB # 74647)
e-mail:  ebagnell@spottsfain.com
Spotts Fain PC
*Attorney for Harris Thermal Transfer Products, Inc.*
411 East Franklin Street
Suite 600
Richmond, Virginia 23219-2200
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

Craig R. Berne (OSB # 874202)
HARRIS BERNE CHRISTENSEN LLP
5000 S.W. Meadows Rd., Suite 400
Lake Oswego,  OR 97035
Telephone: (503) 968-1475
Facsimile:  (503) 968-2003
e-mail:  craig@hbclawyers.com

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on July 9, 2009, I will electronically file the foregoing document

3  with the Clerk of the Court using the CM/ECF System, which will then send a notification of

4  such filing (NEF) to the following:

5

6  Jerrell E. Williams, Esq. (VSB No. 75570)
   JWilliams@vanblk.com
7  VANDEVENTER BLACK, LLP
   *Counsel for Delta-T Corporation*
8  707 East Main Street, Suite 1700
   Richmond, Virginia 23218
9  T: (804) 237-8800
   F: (804) 237-8801
10

11

12      And also by first class United States mail to:

13  S. Sadiq Gill, Esq. (VSB No. 30835)
    VANDEVENTER BLACK, LLP
14  *Counsel for Delta-T Corporation*
    707 East Main Street, Suite 1700
15  Richmond, Virginia 23218
    T: (804) 237-8800
16  F: (804) 237-8801

17

18                                      _____/s/_____
                                        Edward Everett Bagnell, Jr. (VSB # 74647)
19                                      e-mail:  ebagnell@spottsfain.com
                                        Spotts Fain PC
20                                      *Attorney for Harris Thermal Transfer Products,*
                                        *Inc.*
21                                      411 East Franklin Street
                                        Suite 600
22                                      Richmond, Virginia 23219-2200
                                        Telephone: (804) 697-2000
23                                      Facsimile: (804) 697-2100

24

25

26

Page 15 – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARRIS THERMAL TRANSFER PRODUCTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**